

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,904-01

**EX PARTE DAVID KEITH GRANTHAM, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C36803-CR IN THE COUNTY COURT AT LAW
### FROM NAVARRO COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity and sentenced to 27 years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Grantham v. State,* No. 10-17-00365-CR (Tex. App.—Waco, May 9, 2018) (not designated for publication) .

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to properly admonish him of the applicable sentencing range of 25 years to 99 years or life before rejecting the State's plea offer of 15 years and advising Applicant that he could receive

community supervision from the judge if he entered an open plea of guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). The State and the habeas court agree that trial counsel was ineffective. They recommend granting relief so that Applicant may have a second opportunity to accept the State's 15-year plea offer.

However, the record before us does not indicate that trial counsel has had an opportunity to respond to Applicant's allegations. "[C]ounsel should ordinarily be accorded an opportunity to explain her actions before being condemned as unprofessional and incompetent." *Bone v. State,* 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:	June 26, 2019
Do not publish